UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
LAURENCE WILLS, on behalf of himself and        :
all others similarly situated,                                      :
                                                                                  :
                                       Plaintiff,                          :     **MEMORANDUM DECISION AND**
                                                                                  :     **ORDER**
                  -against-                                                  :
                                                                                  :     25-cv-1052 (BMC)
RESORTS WORLD LAS VEGAS, LLC,            :
                                                                                  :
                                       Defendant.                       :
-------------------------------------------------------------- X

**COGAN**, District Judge.

Plaintiff, a visually impaired individual, brings this action on behalf of himself and all others similarly situated against defendant, Resorts World Las Vegas, LLC, for failure to comply with the American Disability Act ("ADA"), 42 U.S.C. § 12182, *et seq.*, and the New York City Human Rights Law ("NYCHRL"). Plaintiff alleges that he was unable to use defendant's website to book a hotel room at defendant's hotel, Resorts World Las Vegas, because defendant failed to build a website compatible with screen access programs.

Defendant has moved to dismiss plaintiff's complaint for failure to adequately allege standing and for lack of personal jurisdiction. I grant the motion based on lack of personal jurisdiction and therefore do not reach the standing issue.

## BACKGROUND

Plaintiff, a resident of Queens, New York, is legally blind. He attempted to book a hotel room on defendant's website, accessing the website from Queens, New York. Screen readers are the only way visually impaired or legally blind people can independently access the internet. Defendant's website allows potential guests to book hotel rooms, book restaurant reservations, and obtain information about defendant's hotel location. When plaintiff attempted to book a

hotel room on defendant's website, he alleges that he was unable to do so because of its inaccessibility and lack of conformity with screen readers. Plaintiff thus alleges that defendant's website caused a denial of full and equal access for plaintiff and people who are similarly situated to him.

Defendant is incorporated in Delaware with a principal place of business in Las Vegas, Nevada. Defendant does not have any employees or physical presence in New York.[1] Nor does defendant participate in media events, publication solicitations, or other advertising that targets New York.

## LEGAL STANDARD

A federal court must have personal jurisdiction over the parties before it to hear a case. See Lightfoot v. Cendant Mortg. Corp., 580 U.S. 82, 95 (2017) (citation omitted). Although personal jurisdiction may be general or specific, see Oklahoma Firefighters Pension & Ret. Sys. v. Banco Santander (Mexico) S.A. Institucion de Banca Multiple, 92 F.4th 450, 456 (2d Cir. 2024), here plaintiff only asserts that this Court has specific jurisdiction over defendant. To determine whether a court has specific personal jurisdiction over a party, "the Court conducts a two-part inquiry: first, the Court must determine whether jurisdiction exists under the laws of the forum state; then the Court must determine whether personal jurisdiction comports with the Due Process Clause of the United States Constitution." Katz v. Wanderstay Hotels, LLC, No. 19-cv-3615, 2021 WL 1093169, at *3 (E.D.N.Y. March 4, 2021) (citing Chloe v. Queen Bee of Beverly Hills, LLC, 616 F.3d 158, 163-164 (2d Cir. 2010)), report and recommendation adopted, 2021 WL 1091907 (E.D.N.Y. March 22, 2021).

---

[1] Plaintiff states in his memorandum in opposition to defendant's motion to dismiss that "New York is home to Resorts World Hudson Valley, Resorts World Catskills, and Resorts World New York City," but plaintiff does not provide any explanation of how these locations relate to defendant, nor does he contend that defendant is physically present in New York.

"To defeat a motion to dismiss for lack of personal jurisdiction, a plaintiff must make a prima facie showing that jurisdiction exists. Such a showing entails making legally sufficient allegations of jurisdiction, including an averment of facts that, if credited, would suffice to establish jurisdiction over the defendant." Oklahoma Firefighters, 92 F.4th at 455-56 (quotation omitted) (cleaned up). Courts "construe the pleadings and affidavits in the light most favorable to plaintiffs, resolving all doubts in their favor." Id. at 456 (internal quotation marks and quotation omitted). In addition, "[c]ourts may rely on materials outside the pleading in considering a motion to dismiss for lack of personal jurisdiction." In re Banco Bradesco S.A. Sec. Litig., 277 F. Supp. 3d 600, 630 (S.D.N.Y. 2017) (citing DiStefano v. Carozzi N. Am., Inc., 286 F.3d 81, 84 (2d Cir. 2001)).

## DISCUSSION

New York's long-arm statute confers personal jurisdiction over a nondomiciliary, such as defendant, if two conditions are met: (1) the nondomiciliary transacts business within the state, and (2) the claim against the nondomiciliary arises out of that business activity. CutCo Indus., Inc. v. Naughton, 806 F.2d 361, 365 (2d Cir. 1986) (citation omitted); see also N.Y. C.P.L.R § 302(a)(1).

"When considering whether to exercise personal jurisdiction over a defendant because of his or her activities via a website, the Second Circuit directs district courts to look to the degree of interactivity and commercial nature of this site." Romero v. 88 Acres Foods, Inc., 580 F. Supp. 3d 9, 15 (S.D.N.Y 2022). Although not sufficient to confer personal jurisdiction, a website must be "interactive," as opposed to "passive," before a court can exercise jurisdiction. See Jewell v. Music Lifeboat, 254 F. Supp. 3d 410, 420 (E.D.N.Y. 2017). "A 'passive' website

merely makes information available to viewers, while an 'interactive' website knowingly transmits goods or services to users in other states." Id. (quotation omitted) (cleaned up).

In addition to the requirement that the website be interactive, courts will only find that a nondomiciliary transacts business within the state in satisfaction of the long-arm statute "when he purposefully avails himself of the privilege of conducting activities within New York, thus invoking the benefits and protection of its laws." Savage Universal Corp. v. Graizer Constr., Inc., No. 04-cv-1089, 2004 WL 1824102 at *7 (S.D.N.Y. Aug. 13, 2004) (quoting CutCo, 806 F.2d at 365) (cleaned up).  Courts are thus reluctant to find personal jurisdiction unless the website "specifically" targets residents of New York or is aimed at New York users. Seldon v. Direct Response Techs., Inc., No. 03-cv-5381, 2004 WL 691222, at *5 (S.D.N.Y. March 31, 2004).

Plaintiff alleges that defendant has purposefully availed itself of the privilege of conducting business in New York by maintaining a website that allows customers located in New York to reserve hotel rooms at defendant's hotel.  "The mere existence of an interactive website that is accessible in New York, however, is not sufficient to exercise personal jurisdiction.  Personal jurisdiction can be exercised only if Defendant used the Website to 'purposely avail' itself of the forum state." Zelvin v. H Heritage, Inc., No. 23-cv-8022, 2024 WL 3742526, at *4 (S.D.N.Y. Aug. 9, 2024) (quoting Romero, 580 F. Supp. 3d at 15) (cleaned up).  Although defendant's website is interactive because it allows customers to book hotel rooms, plaintiff fails to allege facts tending to show that defendant targeted individuals in New York, such that defendant purposefully availed itself of New York.

"Without allegations that there was purposeful availment of New York, such as through actual sales to New York or even perhaps active solicitation of the New York market, it cannot

4

be said that a defendant 'transacted business' under N.Y. C.P.L.R. § 302(a)(1) so as to satisfy personal jurisdiction." Id. (quoting Spin Master Ltd. v. 158, 463 F. Supp. 3d 348, 364 (S.D.N.Y. 2020)). Plaintiff includes no such allegations here. However, plaintiff's "failure to establish personal jurisdiction is, to some extent, a function of Defendant's own alleged wrongdoing." Id. (quotation omitted). "Had Plaintiff been able to complete a purchase on the Website in New York, he would have been able to establish personal jurisdiction. Defendant's alleged violations of the ADA, however, prevented Plaintiff from doing so." Id.

On the other hand, plaintiff could have established personal jurisdiction even without participating in a transaction on defendant's website himself, either by showing that other New York consumers have completed transactions through defendant's website or that defendant conducts advertising in a way that targets the New York market. Having failed to include any such allegations in his complaint (or outside of his complaint, for that matter), plaintiff has not made a *prima facie* showing of jurisdiction over defendant.[2]

Because plaintiff has not alleged or brought forth facts sufficient to establish jurisdiction over plaintiff pursuant to New York's long-arm statute, this Court lacks personal jurisdiction over defendant. Accordingly, it is not necessary to consider whether exercising personal jurisdiction would comport with due process or whether plaintiff has standing to bring this action.

---

[2] Plaintiff has not requested jurisdictional discovery, so the Court does not consider whether such discovery would be appropriate.

## CONCLUSION

For the foregoing reasons, defendant's motion to dismiss for lack of personal jurisdiction is granted.

**SO ORDERED.**

*Brian M. Cogan*
U.S.D.J.

Dated: Brooklyn, New York
June 16, 2025